714 P.2d 445

**C. Philip and Janet JENNEY, husband and wife, Plaintiffs/Appellees,**

v.

**D.J. LAVEY and Ellen Jean Lavey, husband and wife, Defendants/Appellants.**

**No. 2 CA–CIV 5343.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 3, 1985.

Rehearing Denied Nov. 12, 1985.

Review Denied Feb. 12, 1986.

Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for plaintiffs/appellees.

Russo, Cox, Dickerson, Butler & Russo, P.C. by Karl MacOmber, Tucson, for defendants/appellants.

OPINION

LACAGNINA, Judge.

In this case C. Philip Jenney and Janet Jenney, husband and wife, (Jenney) entered into a deposit receipt and sales agreement

that risk contrary to the "reasonable expectations" of the insurer.

with Tom Caldwell on September 21, 1979, for the sale of a residence. Caldwell executed a demand note for $10,000 payable to Minnesota Title Company, the escrow agent, given as a deposit in connection with a sales agreement between Jenney and Minnesota Title Trust No. 10,261. Caldwell signed as maker, adding the word "agent" after his name. In the sales agreement Minnesota Title Trust No. 10,261 or its nominee was the purchaser, and Caldwell signed his name, again adding the word "agent".

D.J. Lavey had previously executed Trust No. 10,261 with Minnesota Title, giving the trustee certain powers thereunder, naming himself as beneficiary, appointing Caldwell as spokesman, and authorizing the trustee to act on his written instructions. The sale never closed. Jenney brought action and recovered judgment against Caldwell, Lavey and Ponderosa Realty and Development, Inc. on the note and against Caldwell and Ponderosa for $750 unpaid rent during Caldwell's occupancy of the house. The parties stipulated to a dismissal of Caldwell's and Ponderosa Realty's appeals.

Lavey claims on appeal that Jenney did not prove compliance with the forfeiture provisions of the sales agreement. Jenney argues they are holders of a promissory note and need not prove anything but nonpayment and that all evidence received by the trial court regarding the sales agreement and improper forfeiture was irrelevant. We agree with Lavey's argument and reverse the judgment.

Jenney argued at trial that they were the holder in due course of a promissory note payable on demand which remained unpaid. They argue here that we need only apply the law of negotiable instruments in order for them to prevail. We disagree with their contention that they are holders in due course of a negotiable instrument subject to no defenses except nonpayment.

Minnesota Title was the payee of the note as escrow holder, the note being given as a deposit for a sales agreement between Jenney and Minnesota Trust No. 10,261.

Caldwell signed "agent" after his name as maker. The sales agreement determined the conditions under which the payee, Minnesota Title, could demand payment of the note. It provided for forfeiture of the deposit (the note) as follows:

If either party elects to cancel this agreement because of the failure of the other party to comply with all of the terms and conditions of this agreement, the party so electing shall, after the expiration of the time periods as provided in A.R.S. 33–741, from date provided herein for closing, instruct escrow agent to cause to be delivered to the other party a written demand for compliance within ten days from time of receipt of said demand....

■ Jenney's right, as sellers, to the deposit (the note) depended upon a valid forfeiture, and since they were parties to the sales agreement, they could not be bona fide holders in due course free from defenses to the agreement when the escrow holder endorsed the note.

Minnesota Title, as escrow holder, had no interest in the note except to hold it for Jenney's benefit subject to the closing of the sale or forfeiture, or to return it to the purchaser in the event of Jenney's default. Minnesota Title, therefore, was Jenney's agent and not a holder in due course because it did not take the instrument for value. A.R.S. § 44–2532 (current version at § 47–3302). The rights of one not a holder in due course are provided by § 44–2536 (current version at § 47–3306) and in part subjects the holder to all defenses of any party available in an action on a simple contract plus the defense of nonperformance of any condition precedent.

Jenney failed to offer any documents from the escrow file from Minnesota Title claiming they needed only to prove nonpayment of the note to obtain judgment. They argued that the sales agreement had nothing to do with their rights as holders in due course of a negotiable instrument, citing § 44–2540 (current version at § 47–3403) as controlling in their claim against Lavey. Section A of that statute only permits

proof of the agent's authority in the manner established in other cases of representation.

■ There is no evidence of a valid forfeiture which would entitle Jenney to delivery of the deposit (note). No written instrument offered in evidence showed the required notice was sent by the escrow holder to the purchaser, Minnesota Title Trust No. 10,261, and the signer, Caldwell. There must be strict compliance with the requirements of the agreement to accomplish a valid forfeiture. *Trevillian v. Lee*, 111 Ariz. 229, 527 P.2d 100 (1974). The only evidence of attempted compliance with the terms of the sales agreement for forfeiture was Plaintiffs' Exhibit 5 reproduced here in its entirety, which by itself, is insufficient proof of a valid forfeiture.

**Thikoll, Johnston & Rosen**
ATTORNEYS AT LAW

LEON A. THIKOLL
JAY L. JOHNSTON
DENNIS A. ROSEN, LM.
—
GARY S. GRYNKEWICH
ELITH A. CROKER

488 NORTH CHURCH AVENUE
TUCSON, ARIZONA 85701

January 29, 1980

Ms. Delores Poole
Minnesota Title
5175 North Oracle Road
Tucson, AZ 85704

Re: Deposit Receipt and Agreement
dated September 21, 1979
Sellers: C. Philip Jenney and
Janet Jenney
Property: Lot 172, Oro Valley
Estates, Pima County,
Tucson, Arizona

Dear Ms. Poole:

Be advised that this law firm represents C. Philip Jenney and Janet Jenney, sellers under that certain Deposit Receipt and Agreement dated September 21, 1979. As you are aware, the Buyer under said Deposit Receipt and Agreement was to close on January 15, 1980 and has failed to do so.

Pursuant to the terms of the Deposit Receipt and Agreement, as provided in A.R.S. §33-741, you are hereby instructed to cause to be delivered to the Sellers a written demand for compliance (closing) within ten (10) days from the time of receipt of said demand, or ten (10) days from the date said demand was deposited in the United States Mail posting by certified mail of such demand.

In the event the Buyers fail to comply within the stated period you are hereby instructed to pay to the Sellers the earnest money deposit minus any costs already incurred in closing. Additionally, I enclose all of the closing papers on behalf of the sellers, C. Philip Jenney and Janet Jenney.

Sincerely,

JIM L. JOHNSTON

JLJ:kh

Enclosures

The request to the escrow holder is insufficient evidence of compliance by it of the requirements of the sales agreement. Since there was insufficient proof of a valid forfeiture, judgment for $10,000 against Lavey based upon failure to pay the note is reversed. Laveys have requested leave to amend the judgment pursuant to Rule 60(a), Rules of Civil Procedure, 16 A.R.S., to include the first name of the party against whom the judgment was rendered and to reflect the full name of the parties against whom the judgment was affirmed, and it is hereby granted.

The other issues raised are not dispositive of the case, and we find no need to discuss them in this opinion.

HATHAWAY, P.J., and LIVERMORE, J., concur.